**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

David Levoyd Reed,

Plaintiff

v.

State of Nevada, et al.,

Defendants

Case No.: 2:19-cv-00051-JAD-VCF

**Order Denying Motions for Injunctive Relief**

[ECF Nos. 13, 14]

Pro se plaintiff and Nevada inmate David Levoyd Reed filed this civil-rights action to redress issues with the application of good-time credits to the sentence he's serving at Nevada's High Desert State Prison. After screening, he was left with a single equal-protection claim for money damages under 42 U.S.C. § 1983.[1]

Reed has now filed two identical motions for preliminary injunction and temporary restraining order,[2] along with a declaration in support of his motions.[3] In his declaration, Reed states that he has been illegally held past the duration of his sentence and he has serious medical issues that may be exacerbated by the COVID-19 pandemic.[4] He argues that he is likely to succeed on the merits of this case as well as a state-court habeas corpus proceeding.[5] Although

---

[1] ECF No. 11 (order screening amended complaint). This case is also stayed pending completion of the court's mandatory inmate early mediation process. *See id.* at 6. Reed's filing of these motions violates that stay ("During this 90-day period, no other pleadings or papers may be filed in this case . . . .").

[2] ECF Nos. 13, 14.

[3] ECF No. 15.

[4] *Id.* at 1-2.

[5] *Id.* at 3.

Reed's motions for a preliminary injunction and temporary restraining order are not entirely clear, Reed appears to allege that his parole was improperly revoked in November 2017 and that his sentence has been fully discharged.[6]  Reed asks this court to order his immediate release.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."[7]  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[8]  Furthermore, under the Prison Litigation Reform Act (PLRA), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."[9]  "A court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."[10]

In his motions for a preliminary injunction and temporary restraining order, Reed argues that he is likely to succeed in both this case and a habeas corpus case proceeding in state court. Reed argues that he has a meritorious claim about the revocation of his parole in 2017 and that his sentence has been fully discharged.  He also notes that he is likely to suffer harm if his motion is not granted because he has preexisting medical conditions that make him vulnerable to the COVID-19 pandemic.  It is not entirely clear from Reed's motions, but these allegations may also form the basis of Reed's state-court habeas action.

---

[6] ECF Nos. 13, 14 at 2, 7.

[7] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

[8] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

[9] 18 U.S.C. § 3626(a)(2).

[10] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

But this court is empowered to grant injunctive relief only based on claims pled in this action, and Reed's instant relief request far exceeds the scope of the limited issues he is litigating in this case. This action involves allegations about the application of good-time credits to Reed's minimum sentence, not allegations about Reed's parole revocation or allegations that he has fully discharged his sentence. So I cannot grant Reed injunctive relief based on allegations about the revocation of his parole or the discharge of his sentence. The nature of this action also prevents me from considering the type of relief that Reed now moves for. This is a civil-rights action for money damages under § 1983, not a habeas corpus action. So I could not order his release from state custody even if I found his motions meritorious.

Accordingly, IT IS HEREBY ORDERED that Reed's motions for a preliminary injunction and temporary restraining order **[ECF Nos. 13, 14] are DENIED.**

Dated: May 15, 2020

_______________________________
U.S. District Judge Jennifer A. Dorsey