UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Levoyd Reed,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Defendants | Case No.: 2:19-cv-00051-JAD-VCF<br><br>**Order Denying Motion**<br><br>[ECF No. 42] |

Pro se prisoner David Reed sues a host of Nevada officials under 42 U.S.C. § 1983 for violating the Equal Protection Clause, alleging that they failed to apply the good-time credits that he earned against his sentence.[1] On August 23, 2021, I granted the motion to dismiss of one of those defendants, Ronda Larsen,[2] so this case proceeds only against Defendants Baker and Hill. But because it appears that Baker and Hill have not been served, Reed was ordered to show cause by September 23, 2021, why the claims against them shouldn't be dismissed.[3]

The same day that I entered the dismissal order, Reed dispatched a "Motion for Voluntary Dismissal for Removal to State Court Pursuant to Rule 41(a)(1)(ii) of the Fed. R. Civ. P."[4] In it, he asserts "that the Nevada State Court will be able to afford him the sought relief herein," so he asks me to "remove" this action to state court.[5] But the removal process only works one direction: a case originally filed in state court may be removed to federal court.[6] A

---

[1] *Williams v. State Dep't of Corr.*, 402 P.3d 1260 (Nev. 2017).
[2] ECF No. 38.
[3] ECF No. 40.
[4] ECF No. 42.
[5] *Id.*
[6] 28 U.S.C. §§ 1441, 1446.

case that starts in federal court—like Reed's case did—cannot be "removed" to state court. Reed, as the plaintiff and master of his complaint, can seek to dismiss this federal case and file a new action in state court, but there is no mechanism for this court to transfer this case across the street to state court. Accordingly,

IT IS HEREBY ORDERED that **Plaintiff's Motion for Voluntary Dismissal for Removal to State Court Pursuant to Rule 41(a)(1)(ii) of the Fed. R. Civ. P. [ECF No. 42] is DENIED without prejudice to Reed's ability to seek to dismiss this case without a coordinate request to send it to state court.** Reed is also reminded that the court has given him until September 23, 2021, to either (1) file proof of service with the clerk regarding defendants Hill and Baker or (2) show good cause regarding why service has not been completed. Failure to do so could result in dismissal.[7]

_____
U.S. District Judge Jennifer A. Dorsey
September 14, 2021

---

[7] *See* ECF No. 40.