UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Levoyd Reed, | Case No.: 2:19-cv-00051-JAD-VCF |
| Plaintiff | **Order Dismissing Action** |
| v. | |
| State of Nevada, et al., | |
| Defendants | |

    Pro se prisoner David Reed sued a host of Nevada officials under 42 U.S.C. § 1983 for violating the Equal Protection Clause, alleging that they failed to apply the good-time credits that he earned against his sentence.[1] After motion practice, only the claims against Defendants Baker and Hill remained. But because it appears that Baker and Hill have not been served, Reed was ordered to show cause why the claims against them shouldn't be dismissed.[2] The extended deadline to do so was September 23, 2021,[3] and Reed did not show cause or ask to extend the deadline to do so. He was warned that failure to show cause could result in dismissal.[4]

    FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] *Williams v. State Dep't of Corr.*, 402 P.3d 1260 (Nev. 2017).
[2] ECF No. 40.
[3] ECF Nos. 40, 43.
[4] *Id.*

specified time."[5]  Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[6]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case.[7] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[8]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[9]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Reed's claims against these unserved defendants.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[10]  A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's

---

[5] Fed. R. Civ. Proc. 4(m).

[6] Fed. R. Civ. Proc. 4(c).

[7] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[8] *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[9] *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130.

[10] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

"consideration of alternatives" requirement,[11] and that warning was given here.[12]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

    Because Reed has not demonstrated that process has been served on Defendants Hill and Baker, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice under FRCP 4(m).  **The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.**

                                            _____
                                            U.S. District Judge Jennifer A. Dorsey
                                                           October 27, 2021

---

[11] *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.
[12] ECF Nos. 40, 43.